UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELIZABETH WOLDER,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-00331

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon *pro se* Plaintiff's Statement of Errors (doc. 12), the Commissioner's memorandum in opposition (doc. 13), *pro se* Plaintiff's reply (doc. 14), the administrative record (doc. 6), and the record as a whole.[3] Because Plaintiff is proceeding *pro se*, her filings and arguments are liberally construed in her favor. *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir.1985) (citations omitted).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

**I.**

**A.     Procedural History**

Plaintiff filed an application for SSI and DIB asserting disability as of September 1, 1980 on account of a number of impairments including, *inter alia*, irritable bowel syndrome ("IBS"), a history of migraine headaches, anxiety, and depression. PageID 87-94. After an initial denial of her application, Plaintiff received a hearing before ALJ Gregory Kenyon on February 11, 2015. PageID 104-44. The ALJ issued a written decision on April 24, 2015 finding Plaintiff not disabled. PageID 85-94. Thereafter, the Appeals Council denied review on June 8, 2016, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 59-62. Plaintiff, proceeding *pro se*, then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

**B.     Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 87-92. Plaintiff, in her Statement of Errors, also summarizes the evidence of record. Doc. 12 at PageID 1140-42. The Commissioner, in response to Plaintiff's Statement of Errors, defers to the ALJ's recitation of the evidence, and presents no objection to Plaintiff's summary. Doc. 13 at PageID 1145. Except as otherwise noted herein, the undersigned incorporates the summary of evidence as set forth by the ALJ and Plaintiff.

**II.**

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed

the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential

3

review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ failed to: (1) give appropriate weight to her treating physician, Raymond Luna, M.D.; and (2) give appropriate weight to her counselor, Bonnie Parish, LISW. Doc. 7 at PageID 574-79. Finding Plaintiff's first alleged error to be well taken, the undersigned does not address the merits of Plaintiff's second argument.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture

of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

Treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2). A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

5

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Dr. Luna began treating Plaintiff in March 2001. PageID 424-504. On clinical examination, Dr. Luna observed that Plaintiff had a "nervous flat affect" and "bloating." PageID 547. Doctor Luna repeatedly noted in his treatment notes that Plaintiff required independent evaluation for her disorders, including a psychiatric consultation. PageID 655, 666-67. Additionally, Dr. Luna noted that the costs associated with obtaining treatment were an issue for Plaintiff. PageID 656.

On February 26 2014, Dr. Luna issued a report in which he noted that Plaintiff suffered from unspecified hypothyroidism, panic disorder without agoraphobia, ocular migraine, nonorganic sleep disorder, unspecified mitral valve prolapse, mixed hyperlipidemia, IBS, esophageal reflux, and depressive disorder. PageID 666.

The ALJ held that Dr. Luna's opinion was entitled to "little weight." PageID 91. The ALJ based his conclusion on the following: there was no corroboration in the record of Dr. Luna's opinion that Plaintiff suffered from an unspecified mitral valve prolapse, and was "a

medication dependent person and required specialist evaluations for her psychiatric and gastrointestinal disorders." *Id*.

The Court agrees with Plaintiff that the ALJ erred in assessing the weight to be reasonably accorded to Dr. Luna's opinion. In weighing that opinion, the ALJ failed to set forth the required controlling weight analysis, *i.e.*, whether the opinion was well-supported by objective evidence and not otherwise inconsistent "with the other substantial evidence in [the] case record." *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2). While the ALJ implied that Dr. Luna's finding -- that Plaintiff suffered from an unspecified mitral valve prolapse -- was not supported by the record, (*i.e.* objective evidence), this criticism focused only on the fact that Dr. Luna did not specifically detail the "objective medical evidence" relied upon in reaching this specific part of his opinion. PageID 91. Nowhere, however, does the ALJ find that the objective evidence otherwise contained in the record fails to support Dr. Luna's opinion. *See* PageID 91. Thus, the ALJ's critique in this regard focuses solely on the "supportability" factor found in 20 C.F.R. § 404.1527(c)(3), which is a factor that should be analyzed only after conducting the required controlling weight analysis. *See Gayheart*, 710 F.3d at 376.

The only other evidence the ALJ specifically referenced in regards to his controlling weight analysis was his restatement of Dr. Luna's notation that Plaintiff was "a medication dependent person and required specialist evaluations for her psychiatric and gastrointestinal disorders." PageID 91 (citing PageID 666). It is unclear to the undersigned what the ALJ meant to communicate by including this notation. In other words, this statement quoted by the ALJ is insufficient to provide insight into the ALJ's rationale and to permit a meaningful review of whether the ALJ properly applied the controlling weight test. *See Gayheart*, 710 F.3d at 376-78; *accord McHugh v. Astrue,* No. 1:10–cv–734, 2011 WL 6130824, at *4 (S.D. Ohio Nov. 15,

7

2011) (holding that as a rule, "the ALJ must build an accurate and logical bridge between the evidence and his conclusion . . . When an ALJ fails to mention relevant evidence in his or her decision, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored"). Therefore, the ALJ's failure in this regard constitutes reversible error.

Based upon the foregoing, the Court finds the ALJ's assessment of Dr. Luna's opinion is unsupported by substantial evidence and merits reversal.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

Here, evidence of disability is not overwhelming and, therefore, a remand for further proceedings is proper so that the ALJ can properly assess all opinion evidence of record anew in light of the foregoing findings.

## V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:  6/13/2017                                                                                    s/ Michael J. Newman
                                                                                                         Michael J. Newman
                                                                                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).